KIPLINGER v. KIPLINGER.

1. DIVORCE—ALIMONY—PERMANENT ALIMONY.
  Alimony awarded in a gross sum by a divorce decree is not intended as a division of the husband's estate, but as his contribution to the support of the wife.

2. SAME — HUSBAND AND WIFE — DAMAGES — DIVISION OF PROPERTY.
  From an estate of $7,000, principally cash, defendant, who was capable of earning $300 or more a month, should be required to pay $3,500 as permanent alimony to his wife whose health his cruelty had impaired, and who possessed a small property of her own, subject to mortgage, worth about $4,000 or more. BIRD, J., dissenting.

3. SAME—INJUNCTION.
  The dissolution of an injunction restraining defendant from disposing of his funds on deposit in a bank was improvidently ordered before the entry of the final decree, but after the decision of the court was made; the restraining order is reinstated and defendant adjudged to have full rights to enforce the decree.

4. SAME—CONTRACTS—ANTENUPTIAL AGREEMENT.
  Alimony should not be refused complainant because of an oral antenuptial agreement that she should retain her individual control over her property.

Appeal from Wayne; Donovan, J. Submitted June 17, 1912. (Docket No. 110.) Decided November 8, 1912.

Bill by Grace Rodger Kiplinger against Charles E. Kiplinger and others for divorce and an injunction to restrain defendant from withdrawing funds on deposit. From a decree for complainant, denying any alimony and dissolving a preliminary injunction, she appeals. Reversed as to alimony, injunction reinstated.

*M. J. Lehman & Sons*, for appellant.
*Harry H. Wait*, for appellee.

McALVAY, J. Complainant filed her bill for divorce against defendant in the circuit court for the county of Wayne on the ground of extreme cruelty, and also charging adultery. The Detroit United Bank of Detroit and the Old National Bank of Battle Creek were made parties defendant, and an injunction was prayed and granted against all the defendants for the purpose of preventing the principal defendant from interfering with complainant or her property and from disposing of the household goods and furniture, and from disposing of his moneys, of which about $7,000 consisted of cash on deposit in said banks. Defendant Kiplinger answered at length, denying all extreme cruelty and any illicit relations with the woman named in the bill of complaint, or any other woman. The banks answered, admitting the amount of cash on deposit at the time. Issue was joined, and the case was heard upon pleadings and proofs taken in open court. A decree of divorce from the bonds of matrimony was granted complainant on the ground of extreme cruelty, and a small amount of temporary alimony was allowed, but the court denied complainant any permanent alimony. An opinion was filed November 10, 1911, granting a decree of divorce on the ground of extreme cruelty, and later, on December 4th, further proofs having been taken upon the question of alimony, no change was made in this decision, and a decree was settled, signed, and filed December 9th.

On December 5th, before this decree was signed, an order was made by the judge who heard the cause dissolving the injunction which restrained defendant from withdrawing his funds from the banks named, or otherwise disposing of his property. On December 7th complainant moved to vacate and set aside such order, claiming, among other things, that it had been made without notice to complainant or any of her solicitors, and because they had no opportunity to be heard upon the motion granting an absolute dissolution of the injunction. This motion did not come on to be heard until after the expiration of the term of the said judge, and was heard by another member of that court and denied. Complainant has appealed from the decree of the court, the order dissolving the injunction, and the order denying the motion to vacate such order for dissolution.

Complainant upon this appeal asks for a modification of the decree in the matter of the disallowance of permanent alimony, claiming that, under the evidence and the decisions of this court, permanent alimony should have been allowed, and also claiming that the order dissolving the injunction should not have been granted, and that such order should have been set aside.

These parties were married in Pretoria, South Africa, February 22, 1906. Shortly afterward, they came to the United States, and resided for a time in Davenport, Iowa, where they attended a chiropractic school, from which they graduated, since which time the defendant has been engaged in practice. After leaving Davenport, Iowa, they resided for a brief time in several places, and finally came to Detroit, where they lived for three years prior to their separation. They have no children. From the undisputed evidence in the case, as appears from the record, this defendant, prior to the time of the separation and filing this bill by complainant, was guilty of extreme cruelty toward her, and on many occasions assaulted her violently in a brutal and inhuman manner, from which she suffered mentally as well as physically, and has, on account of such

treatment, been on the verge of nervous collapse. His conduct with reference to other women was reprehensible. He was in correspondence with a woman who wrote love letters to him, and he met her in her room at a hotel in Detroit, where she was registered under an assumed name, under such circumstances as to leave no doubt in the mind of the court that he sustained illicit relations with her.

Upon the matter of permanent alimony, which was denied by the court, it appeared that defendant Kiplinger had about $7,000 in cash, a good business as a practitioner, with an income of $300 or $400 a month and no children; that most of his property had been earned by their joint efforts since their marriage. It appears he also retained all of the household furniture and effects. Before her marriage with defendant, complainant had some property in her own right. The real estate was situated in Leith, Scotland, and consisted of a building from which but a small income was realized, and upon which there was a mortgage of $5,000, which the record shows is about all that could be realized from a foreclosure. She also had some personal property to the amount of about $4,000, and the record shows that at times their necessities required that she should use, and did use, her own means. It would appear that, because complainant had some means of her own, and because of a claimed antenuptial agreement, the court who heard the case refused to grant permanent alimony. The record shows that there was an agreement between these parties before marriage relative to her individual property, which she desired to keep and control; but the record as clearly shows that no agreement in writing was ever entered into by complainant, and that no antenuptial agreement was ever made between the parties which should be taken into consideration in determining the question of her right to permanent alimony.

In a recent case before this court, the question of permanent alimony was fully considered, in which Mr. Justice STEERE, speaking for the court, said:

"While this is a statutory award of permanent alimony in a gross sum, under a decree of absolute divorce ending the domestic relations and community of interests, the significance of such an award should not be lost sight of. Alimony, by whatever authority it is conferred, is an incident of marriage, and based on the underlying principle that it is the duty of the husband to support his wife, not necessarily to endow her. Primarily, it signifies, not a certain portion of his estate, but an allowance or allotment adjudged against him for her subsistence, according to his means and their condition in life during their separation, whether it be for life or for years. In practical application an award of permanent alimony in a gross sum may result in a division of the husband's estate; but the controlling element not to be lost sight of is his compulsory contribution for her support and maintenance under obligations of the marriage contract." *Bialy* v. *Bialy*, 167 Mich. 559 (133 N. W. 496).

The complainant in this case, a woman of refinement in broken health, is not only not at fault, but she has suffered, at the hands of this defendant, irreparable injury, and is entitled to permanent alimony for her support and maintenance in a gross sum in such an amount as this court, in the exercise of its judicial discretion, taking into consideration all the circumstances of these parties, may determine, and such amount is fixed at the sum of $3,500.

Complainant also upon this appeal asks this court to set aside the order heretofore mentioned dissolving the injunction, and also the order made later in said cause denying the motion to vacate and set aside such order. From this record it appears that there is no doubt that the order dissolving the injunction was improvidently made, under the circumstances of this case, where defendant has no real estate and all his available personal estate was safeguarded to her by the injunction. It was made on the day following the final decision of the court relative to permanent alimony and before the decree had been drawn, settled, and signed. In making the motion to set aside this order December 7, 1911, two days after it was made, complainant acted with due diligence. The counter affidavit of the

solicitor for the defendant was not filed until more than a month and a half after the term of office of the circuit judge who made the order expired, and on the same day upon which said motion was heard before another circuit judge of said circuit court and denied. Both of these orders should be and are hereby vacated and set aside, and the said injunction in all respects is reinstated and given full force and effect, leaving complainant to such remedy as she may have in the premises to enforce this decree. The decree of the circuit court, as indicated by the foregoing opinion, is modified, and a decree will be entered according to the terms of this opinion, complainant to recover the costs of both courts, to be taxed.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred with MCALVAY, J.

BIRD, J. In view of all the circumstances of this case, I think the award of permanent alimony is too large. The parties had been married but a few years, and complainant has an estate nearly as large as defendant's. The award should not exceed $1,000.